To:    From:State Farm    Fax:FDIP ISCM SS7    KOFAX® at 16-08-29-12:32, Doc:420  Page:009
Case 1:16-cv-01029-WJ-LF  Document 1-2  Filed 09/14/16  Page 1 of 29  FILED IN MY OFFICE
DISTRICT COURT CLERK
7/28/2016 3:25:29 PM
James A. Noe
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

THERESA MARTINEZ

      Plaintiff,                              D-202-CV-2016-04663

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

      Defendant.

## COMPLAINT FOR PERSONAL INJURIES, MONEY DAMAGES, BAD FAITH; BREACH OF CONTRACT; VIOLATIONS OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES AND UNFAIR TRADE PRACTICES ACTS

COMES NOW, Plaintiff, by and through her attorneys of record, the LAW OFFICES OF

DAVID M. HOULISTON (David M. Houliston), and for her Complaint, states as follows:

1.     Plaintiff, Theresa Martinez (Martinez) is a resident of Albuquerque, Bernalillo

County, New Mexico, is over the age of 18 years, and is otherwise *sui juris*.

2.     Defendant, State Farm Mutual Automobile Insurance Co. (State Farm), is a

foreign, for-profit corporation doing business throughout the State of New Mexico. State Farm's

statutory agent for service of process is Superintendent of Insurance for State of New Mexico,

1120 Paseo de Peralta, Santa Fe, New Mexico 87501.

3.     Jurisdiction and venue are proper in the District Court of Bernalillo County, New

Mexico, pursuant to N.M.S.A. § 38-3-1(A),(F), 1978 (Repl. 1998).

### GENERAL ALLEGATIONS

4.     Plaintiff entered into a contract for automobile liability insurance coverage with

her agent, who produced the subject insurance policy, which was underwritten and processed by

**EXHIBIT 2**

State Farm under policy number 0803920F0531A, with said policy in force and effect at all times material hereto, and specifically including November 12, 2014.

5.     On or about November 12, 2014, Plaintiff was lawfully operating her automobile west on First Street in Deming, Luna County, New Mexico, when Charlene Valora Ramos, also traveling west on First Street, struck Plaintiff from behind on the left rear bumper of her vehicle causing damage. Plaintiff was stopped at a red traffic light. Ms. Ramo's vehicle sustained damage to the right front bumper as a result of the impact.

6.     Charlene Valora Ramos' failure to stop and keep a proper lookout, including but not limited to, were causes of the crash

7.     Charlene Valora Ramos had automobile liability coverage with Farm Bureau in the amount of $25,000.

8.     Plaintiff's vehicle was insured with State Farm, carrying bodily injury liability coverage in the amount of $100,000/$300,000 and Uninsured/Underinsured motorist coverage limits in the amount of $25,000/$50,000.

9.     Pursuant to *Jordan v. Allstate & Romero v. Progressive*, NMSC No. 32,063 and *Progressive v. Weed Warrior*, NMSC No. 32,220 State Farm must reform its Uninsured/Underinsured limits to the level of liability limits in the amount $25,000.

10.    Plaintiff suffered significant personal injuries from the crash extending beyond the limits of the Farm Bureau's name liability policy.

11.    Under the terms of the subject State Farm, State Farm is liable to pay Plaintiff's damages, which Plaintiff is legally entitled to recover from State Farm, because Plaintiff sustained bodily injuries caused as a result of the negligence of Charlene Valora Ramos.

- 2 -

12.     Plaintiff made a timely uninsured motorist claim with Defendant State Farm to recover damages suffered in the subject crash.

13.     Despite making timely and reasonable requests, Defendant State Farm failed and refused to honor Plaintiff's claims.

**COUNT I**
**BREACH OF CONTRACT AND FIDUCIARY DUTIES UNDER CONTRACT**

14.     Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

15.     When Plaintiff purchased insurance from State Farm, she relied upon and placed her trust in State Farm to act in good faith and in a reasonable manner to sell Plaintiff the appropriate insurance so that in the event Plaintiff should ever need to make a claim against her policy that her losses would be paid promptly and fairly.

16.     State Farm, and its employees and agents, entered into a fiduciary relationship with Plaintiff. State Farm had and has a duty to use the skill, care and knowledge of their claims representatives and underwriters in evaluating and investigating claims made by its insureds in a prompt and thorough manner.

17.     The insurance policy requires Defendant to honor its obligations under the subject policy.

18.     Defendant either intentionally or, in the alternative, negligently, breached the insurance policy contractual provisions by failing to honor Plaintiff's requests for underinsured motorist coverage at limits equal to the bodily injury liability coverages in the same policy, and in failing to pay claims under the policy. As a direct result, the Plaintiff has suffered damages

- 3 -

and will suffer damages in the future in an amount not presently determinable but to be proven at the time of trial.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

19.     Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

20.     Implicit in the contract of insurance between the Plaintiff and Defendant was the covenant that Defendant would, at all times, act in good faith and deal honestly and fairly with the Plaintiff entitled to compensation for damages under her policy.

21.     Defendant breached the implied covenant of good faith and fair dealing, in one or more of the following ways, including but not limited to:

  a.  Failing and refusing to acknowledge that the subject occurrence triggers the subject insurance policy;

  b.  Failing and refusing to disclose, admit and acknowledge coverage in this matter;

  c.  Failing and refusing to promptly and fairly investigate, process, determine and decide Plaintiff's claims under the policy referenced above;

  d.  Denying coverage to its insured, the Plaintiff, under the policy;

  e.  Failing and refusing to cover its insured, the Plaintiff, under the underinsured motorist portion of the policy referenced above; and

  f.  Failing and refusing to mediate, resolve, and settle the Plaintiff's underinsured motorist claims.

22.     As a direct and proximate result Defendant's acts and omissions alleged herein, the Plaintiff has suffered damages in an amount to be proven at trial.

- 4 -

23.     Defendant's acts and omissions alleged herein and breach in the implied covenant of good faith and fair dealings were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff. Accordingly, the Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish the Defendant for its misconduct and to deter others from similar conduct in the future.

## COUNT III
## VIOLATIONS OF THE NEW MEXICO UNFAIR CLAIMS AND TRADE PRACTICES ACTS

24.     Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

25.     Plaintiff was insured under the policy issued and adjusted by the Defendant.

26.     Defendant owed Plaintiff the duties of good faith, fair dealing, and the accompanying fiduciary obligations.

27.     In the sale and provision of insurance, and in the handling of the underinsured motorist claim, Defendant failed to exercise good faith, unreasonably delayed payment, and failed to give the interests of its insured (the Plaintiff) the same consideration it gave its own interests.

28.     Defendant's failure to pay anything on Plaintiff's underinsured motorist claims was unfounded, unreasonable, and in bad faith.

29.     Defendant misrepresented the terms of the policy sold and provided to Plaintiff, and/or failed to disclose material facts reasonably necessary to prevent other statements from being misleading; failed to implement and follow reasonable standards in the sale and provision of insurance; and failed to follow Defendant's own customary practices and procedures.

30.     Defendant's acts and failures to act were in reckless disregard of Plaintiff's rights as an insured under the subject policy.

31.     Defendant's acts and practices took advantage of the lack of knowledge and experience of the Plaintiff to a grossly unfair degree.

32.     Defendant failed to abide by its statutory duties under the New Mexico Unfair Claim Practices Act, NMSA §59A-16-1, *et seq*, and such violations are negligence *per se*.

33.     Defendant misrepresented to its insured, pertinent facts or policy provisions relating to coverages at issue, in violation of NMSA § 59A-16-20(A).

34.     Defendant failed to acknowledge and act reasonably and promptly upon communications with respect to claims from its insured arising under the policy, in violation of NMSA § 59A-16-20(B).

35.     Defendant failed to adopt and implement reasonable standards for the prompt investigation and processing if its insured's claims arising under the policy, in violation of NMSA § 59A-16-20(C).

36.     Defendant failed to properly affirm and pay the coverage for claims of its insured within a reasonable period of time after proof of loss requirements under the policy was completed and submitted by Plaintiff, in violation of NMSA § 59A-16-20(D).

37.     Defendant did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claims in which liability has become reasonably clear, in violation of NMSA § 59A-16-20(E).

38.     Defendant compelled Plaintiff to institute litigation to recover amounts due under the policies by offering substantially less (i.e. nothing) than the amounts claimed by Plaintiff and

that will ultimately recovered in actions brought by Plaintiff, in violation of NMSA § 59A-16-20(G).

39. Defendant has denied or attempted to settle Plaintiff's claims for less than the amount a reasonable person would have believed they were entitled to by reference to the declaration pages of the policy, in violation of NMSA § 59A-16-20(H).

40. Defendant failed to promptly provide Plaintiff with a reasonable explanation of the basis relied upon in the policy in relation to the facts and the applicable law for denial of her claims, in violation of NMSA § 59A-16-20(N).

41. Defendant failed to abide by its statutory duties under the New Mexico Unfair Trade Practices Act, NMSA § 57-12-3. Such violations are negligence per se.

42. Defendant committed unfair trade practices in the sale and provision of insurance to Plaintiff by representing that the insurance had benefits or qualities that it did not have; in violation NMSA § 57-12-2(D)(5) and 57-12-3.

43. Defendant represented the subject insurance was of a particular standard or quality, when it was not, in violation NMSA §§ 57-12-2(D)(6) and 57-12-3.

44. Defendant used ambiguity and failed to state material facts, which tended to deceive Plaintiff, in violation NMSA §§ 57-12-2(D)(14) and 57-12-3.

45. Defendant stated that the insurance purchase transaction involved rights, remedies, and obligations that they now say it did not have, in violation NMSA §§ 57-12-2(D)(15) and 57-12-3.

46. Defendant failed to deliver the quality or quantity of insurance coverage contracted for, in violation NMSA §§ 57-12-2(D)(17) and 57-12-3.

- 7 -

47.     Defendant conducted unconscionable trade practices in the connection with the sale and servicing of insurance products, to Plaintiff's detriment, by taking advantage of Plaintiff's lack of knowledge and experience to a grossly unfair degree, in violation NMSA §§ 57-12-2(E)(1) and 57-12-3.

48.     Defendant's failure to act in good faith and Defendant's violations of the Insurance Code and Trade Practices Act are proximate causes of damages sustained by Plaintiff.

49.     Defendant's conduct was in bad faith, malicious, willful, wanton, fraudulent and/or in reckless disregard of Plaintiff's rights.

50.     Plaintiff is entitled to attorneys fees and costs pursuant to NMSA §57-12-10, §59A-16-30 and §39-2-1.

51.     As a direct and proximate result of Defendant's acts and omissions, Plaintiff has sustained damages, in addition to the damages common to all counts of this Complaint, including but not limited to the actual damages incurred, the cost of prosecution of this lawsuit, attorneys' fees, and interest on the sums owed under the policy.  These injuries and damages are ongoing, permanent, and are expected to continue in the future.  Plaintiff has been forced to retain the services of attorneys to enforce her rights herein, and as such, pursuant to NMSA §57-12-10 and §39-2-1, he is entitled to an award of attorney's fees and costs associated therewith.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for judgment against the Defendant for all compensatory damages; punitive damages; treble damages as allowed under New Mexico law; pre- and post-judgment interest; attorney fees and costs; and all other relief that the Court deems just and proper.

Respectfully submitted:

- 8 -

LAW OFFICES OF DAVID M. HOULISTON

_____/s/*David M. Houliston*_____
DAVID M. HOULISTON
*Attorney for Plaintiff*
500 Tijeras NW
Albuquerque, NM 87102
Phone: (505) 247-1223
Fax: (505) 214-5204

To:        From:State Farm        Fax:FOIP ISCM SS7    Powered by KOFAX    at: 16-08-29-12-32  Doc: 420   Page:018
FILED IN MY OFFICE
DISTRICT COURT CLERK
7/28/2016 3:25:29 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

THERESA MARTINEZ

     Plaintiff,

v.                         D-202-CV-2016-04663

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

     Defendant.

### PLAINTIFF'S CERTIFICATION
### REGARDING ARBITRATION UNDER RULE LR2-603

David M. Houliston, counsel for Plaintiff, certifies that:

_____ This case is subject to referral to arbitration under Local Rule 603. No party seeks relief other than a money judgment and no party seeks and award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

__X__ This case is not subject to referral to arbitration under Local Rule 603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

                 Respectfully submitted:

                 LAW OFFICES OF DAVID M. HOULISTON

                 _____ /s/ *David M. Houliston* _____
                 DAVID M. HOULISTON
                 *Attorney for Plaintiff*
                 500 Tijeras NW
                 Albuquerque, NM 87102
                 Phone: (505) 247-1223
                 Fax: (505) 214-5204

To:          From:State Farm      Fax:FOIP ISCW SS7      KOFAX at: 16-08-29-12-32   Doc: 420   Page: 019

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**THERESA MARTINEZ**

     **Plaintiff,**

v.                                          **No. D.202.CV.2016.04663**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE CO.,**

     **Defendant.**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND REQUESTS FOR PRODUCTION TO DEFENDANT
### STATE FARM MUTUAL INSURANCE COMPANY

Plaintiff, by and through her attorneys of record, Law Offices of David M. Houliston (David M. Houliston), and propounds the following Interrogatories and Requests for Production of Documents on Defendant State Farm Mutual Insurance Company (hereinafter "State Farm").

In answering these discovery requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you and due and diligent inquiry of all of your employees, officers, agents, and attorneys to elicit all available information. These Interrogatories and Requests for Production are continuing in nature. If you acquire any additional information at any time after answering these discovery requests that makes the original responses incorrect when made, you have an automatic duty to supplement or change the answers previously submitted or supply the

documents requested. You must supplement your answers in accordance with Rule 1-026(E) without any further request from Plaintiff.

You shall answer each Interrogatory separately and fully within 45 days of the service of these discovery requests. If you cannot answer any Interrogatory in full, please answer to the fullest extent possible, specify the reason you are unable to answer fully, and state whatever information and knowledge you have regarding the unanswered portion. Your answer must follow the question. However, where the context permits, you may answer an Interrogatory by referring to the answer furnished for another Interrogatory. In lieu of identifying a document or writing, you may provide a copy of the document or writing.

Unless a privilege is claimed, the documents requested must be produced at the Law Offices of David M. Houliston, 500 Tijeras NW, Albuquerque, NM 87102, within 45 days of service of the discovery requests. If a privilege is claimed for any document sought in the Requests, provide a "privilege log" pursuant to Rule 1-026.

INTERROGATORIES

**INTERROGATORY NO. 1)**  For each person answering these Interrogatories on behalf of STATE FARM please state the person's name, current address, and position with (or relationship to) STATE FARM.  If more than one person answers or assists in answering these Interrogatories, please identify each person, giving the person's name, address, and position with (or relationship to) STATE FARM.  In addition, identify in your answers when that person has provided assistance and what assistance or information that person supplied.

**ANSWER:**

**INTERROGATORY NO. 2)**    Describe all insurance policies STATE FARM has provided to Plaintiff and for each policy state the kind of coverage; the name and address of the agent; the name, address, and telephone number of each named insured; the policy numbers; the limits of coverage for each type of coverage contained in the policy; dates of coverage; whether any reservation of rights or controversy or coverage dispute exists; and, if so, what it is; and the name, address, and telephone number of the custodian of the policy.

**ANSWER:**

- 3 -

**INTERROGATORY NO. 3)**  Is STATE FARM presenting any defenses that would prohibit, limit, prevent or otherwise curtail any coverages that would otherwise be available under the policy or policies of insurance that are triggered by the subject incident? If so, please fully describe each and every such policy or coverage defense, including but not limited to a precise representation of the policy language upon which you rely for each such defense.

**ANSWER:**

**INTERROGATORY NO. 4)**  Please identify by name, address, position, immediate supervisor, all individuals who handled, were consulted with, supervised, reviewed or otherwise were responsible for the handling of the claim(s) submitted by Plaintiff.

**ANSWER:**

- 4 -

**INTERROGATORY NO. 5):**  Please state whether an investigation or report has been made by or on behalf of Defendant STATE FARM relating to any of the occurrences described in Plaintiff's Complaint, and if so, for each such investigation or report, please state:

a)      the name, address, and job description of the person who conducted the investigation or made the report;

b)      whether a written report was prepared with regard to the investigation; and

c)      the name, address, and job description of the person who currently has custody or control of any written report or other documentation of the investigation.

**ANSWER:**

**INTERROGATORY NO. 6)**  If you intend to call any lay witnesses at trial, state their names, addresses, telephone numbers, and the expected substance of their testimony.

**ANSWER:**

- 5 -

**INTERROGATORY NO. 7)**  Have you, your attorneys, or any persons acting on your behalf obtained statements from anyone concerning any matter pertaining to the incident or any issues in this lawsuit?  If yes, please state the name and address of each person giving a statement; the name and address of the person(s) taking the statement; whether the statement was written, oral, or recorded; the date and location at which the statement was obtained; and summarize the contents of each statement.

**ANSWER:**

**INTERROGATORY NO. 8)**  Give a short summary of the contents of every document or exhibit you intend to use as a basis for your defense or which you intend to offer into evidence at trial.  A Request for Production asking for these documents accompanies this Interrogatory.  If you object to producing any document, describe in detail

To:  From:State Farm  Fax:FOIP ISCW SS7  Powered by KOFAX at: 16-08-29-12-32  Doc:420  Page:025

and recite verbatim the contents of each and every such document and give the date and circumstances for preparation of each document.

**ANSWER:**


**INTERROGATORY NO. 9)**  Have you or your attorneys retained any expert witnesses who will or may testify at the trial of this matter regarding the facts and circumstances of any of the allegations or counts raised in the complaint?  If yes, please identify the names and addresses of any and all such experts; the date each such expert was consulted; the exact nature of each individual's expertise; all photographs, drawings, sketches, charts, files, case law, statutes, rules, and/or physical evidence supplied to or relied upon by each such expert; and provide a brief summary of the facts and opinions to which each expert is expected to testify with the grounds for each opinion.

**ANSWER:**




**INTERROGATORY NO. 10)**  Please identify each person who, on behalf of Defendant STATE FARM, communicated with Plaintiff about her complaints and state whether any notes, memos, or other documents were created as a result of these

- 7 -

communications, and if so, please identify each such note, memo, or document and state the name and address of the person who has custody of it.

**ANSWER:**

**INTERROGATORY NO. 11)**   Please provide the known basis, with reference to specific facts or law that forms the basis for each and every one of the affirmative defenses that you raised in your Answer to the Complaint.

**ANSWER:**

**INTERROGATORY NO. 12)**   Please state whether Defendant STATE FARM utilized, in any manner, any computerized evaluation or review system to evaluate or review Plaintiff's Uninsured Motorists benefits claim, and if so, please identify:

a)   the computerized evaluation or review system;
b)   each person who reviewed the file for entry into the computerized evaluation or review system;
c)   each person responsible for deciding what types of information were entered or not entered into the computerized evaluation or review system;

d)     each person who entered the data into the computerized evaluation or review system;

e)     each person who reviewed the data processed by the computerized evaluation or review system;

f)     each injury code—such as an International Classification of Diseases (ICD) code—entered into the computerized evaluation or review system to evaluate or review Plaintiff's Uninsured Motorists benefits claim; and

g)     each Current Procedural Terminology (CPT) code entered into the computerized evaluation or review system to evaluate or review Plaintiff's Uninsured Motorists benefits claim.

**ANSWER:**

**INTERROGATORY NO. 13)** If Defendant STATE FARM utilized, in any manner, any computerized evaluation or review system to evaluate or review Plaintiff's Uninsured Motorists benefits claim, please state whether Defendant STATE FARM failed to enter into such system any International Classification of Diseases (ICD) code listed in Plaintiff's medical records and bills, and if so, then please state each such ICD code, the medical provider in whose bills it appears, and the reason Defendant STATE FARM failed to enter it into the computerized evaluation or review system.

**ANSWER:**

**INTERROGATORY NO. 14)** If Defendant STATE FARM utilized, in any manner, any computerized evaluation or review system to evaluate or review Plaintiff's Uninsured

- 9 -

Motorists benefits claim, please state whether Defendant failed to enter into such system any Current Procedural Terminology (CPT) code listed in Plaintiff's medical records and bills, and if so, then please state each such CPT code, the medical provider in whose bills it appears, and the reason Defendant STATE FARM failed to enter it into the computerized evaluation or review system.

     **ANSWER:**

     **INTERROGATORY NO. 15)**    Please state whether Defendant STATE FARM utilized, in any manner, a computerized medical bill review system to evaluate or review Plaintiff's Uninsured Motorists benefits claim, and if so, please identify:

     a)       the computerized medical bill review system used;

     b)       each persons who reviewed the file for entry into the computerized medical bill review system;

     c)       each person responsible for deciding what types of information were entered or not entered into the computerized medical bill review system;

     d)       each person who entered the data into the computerized medical bill review system; and

     e)       each person who reviewed the data processed by the computerized medical bill review system.

**ANSWER**:




**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**  Please provide copies of any documents that were used in preparing your answers to Interrogatories.

**RESPONSE:**


**REQUEST NO. 2:** Please provide copies of any document that you may or will rely upon to prove any affirmative defense raised in your Answer to Plaintiff's Complaint.

**RESPONSE:**


- 11 -

To:          From:State Farm        Fax:FOIP ISCM SS7        KOFAX   at: 16-08-29-12-32   Doc: 420   Page:030

**REQUEST NO. 3:**  Please provide a certified copy of all insurance policies identified in your answers to Interrogatories and include the declarations page for each policy, any signed rejections of any coverage, any signed waivers of any coverage limits, any signed reductions of any coverage or any coverage limit, and any explanations of or for any waiver or rejection of any coverage or any coverage limit.

**RESPONSE:**


**REQUEST NO. 4:**  Please provide copies of documents, correspondence, notes, emails, statements, transcripts or other records relating to any investigation made by or on behalf of Defendant STATE FARM relating to any of the occurrences described in Plaintiff's complaint.

**RESPONSE:**


**REQUEST NO. 6:**  Please provide copies of all exhibits you may or will introduce as an exhibit at trial in this matter.

**RESPONSE:**

- 12 -

**REQUEST NO. 7**: For each expert you intend to call at trial, please produce copies of the following:

(1)   The written report or a complete statement of all opinions the witness will express and the basis and reasons for them;

(2)   Copies of all data or other information considered by the witness in forming the opinions;

(3)   Copies of any exhibits that will be used to summarize or support the opinions;

(4)   The witness's qualifications, including list of all publications authored in the previous 10 years;

(5)   A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(6)   A statement of the compensation to be paid for the study and testimony in the case.

**RESPONSE**:



**REQUEST NO. 8**:  Produce copies of all notes, memos, emails, correspondence or other records generated by Defendant STATE FARM or any agent or representative of STATE FARM regarding any communication with Plaintiff about the facts of the incident, injuries suffered, or damages.

**RESPONSE**:

**REQUEST NO. 9**:  Produce copies of all records, documents, notes, emails, manuals, and polices or procedures involving the underwriting and selling of insurance products to New Mexico consumers.

**RESPONSE**:

**REQUEST NO. 10**:  Produce copies of all records and computerized data including documents, notes, emails, correspondence, manuals, screenshots, and policies or procedures involving any computerized evaluation or review systems which was utilized to review Plaintiff's Uninsured Motorists benefits claim.

**RESPONSE**:

**REQUEST NO. 11**: Please produce copies of the all documents relating to the investigation and/or adjustment of this claim, including but not limited to all correspondence, notes, emails, and supporting documents, regarding the investigation, adjustment, settlement and/or conclusion of Plaintiff's claim.

**RESPONSE**:

- 14 -

**REQUEST NO. 12:**  Please produce copies of all documentation related in any

manner to any claims, demands, responses, counter-demands, responses, and replies

regarding Plaintiff arising from the subject claim.

**RESPONSE:**


**REQUEST NO. 13:**  Please produce full and complete copies of any and all

documents pertaining to STATE FARM's policies procedures or protocol, relating to

accepting insured's requests for binding arbitration for claim made under the uninsured

and underinsured motorist coverage provisions of STATE FARM insurance policy any time

during the last ten (10) years.

**RESPONSE:**


**REQUEST NO. 15:**  Please produce a complete copy of any claim file maintained by

you with respect to Plaintiff. This request includes all correspondence from their attorneys,

- 15 -

correspondence from attorneys and professionals working on behalf of STATE FARM, and all electronic notes from the file.

**RESPONSE:**

**REQUEST NO. 16:** Please produce copies of any and all payments you or any other entity related to the "STATE FARM" corporate group or family of companies have made to the Plaintiff for any and all claims that they made to you or any other entity related to the "STATE FARM" corporate group or family of companies at any time during the last ten (10) years.

**RESPONSE:**

**REQUEST NO. 17:** Please produce complete copies of any and all claims files for any claim filed by the Plaintiff to or against you or any other entity related to the "STATE FARM" corporate group or family of companies at any time during the last ten (10) years.

**RESPONSE:**

Respectfully submitted:

- 16 -

LAW OFFICES OF DAVID M. HOULISTON

/s/ *David M. Houliston*
DAVID M. HOULISTON
Attorneys for Plaintiff
500 Tijeras, NW
Albuquerque, NM 87102
505-247-1223

- 17 -

To:         From:State Farm      Fax:FOIP ISCW SS7      KOFAX   at: 16-08-29-12-32  Doc: 420   Page:036
Powered by

## <u>VERIFICATION</u>

I, _____, being first duly sworn upon my oath, swear and allege as follows:

      NAME

I am _____ with/for STATE FARM Mutual Insurance Co.  I have read

    TITLE/POSITION

over, know, and understand the contents of the foregoing Answers to Interrogatories; and

the statements contained therein are true and correct to the best of my knowledge.

_____


STATE OF _____ )
                             )ss.
COUNTY OF _____ )

      SUBSCRIBED AND SWORN to before me this _____ day of _____, 2016.

_____
                       NOTARY PUBLIC

My commission expires:


_____

- 18 -

To:
Service of Process
PO Box 1689
Santa Fe, NM 87504-1689

From: State Farm          Fax: FOIP ISCW SS2          KOFAX at: 16-08-29-12-32   Doc: 420   Page: 037
Powered by

ZIP 87501  $ 006.94
02 1W
0000340467 AUG  16 2016



7010 0290 0002 3835 7003

State Farm Mutual Auto Ins
C/O Corporation Service Company
123 East Marcy, Suite 101
Santa Fe, NM 87501