IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THERESA MARTINEZ,

      Plaintiff,

vs.                                    Case No.: 1:16-cv-01029 WJ/LF

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT STATE FARM'S
MOTION TO BIFURCATE AND STAY**

THIS MATTER comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Bifurcate and Stay, filed on February 22, 2017 (**Doc. 17**).  Having reviewed the relevant pleadings and the applicable law, the Court finds the Motion is not well-taken, and is therefore **DENIED**.

**BACKGROUND**

Plaintiff Theresa Martinez claims she was injured in a rear-end vehicle accident on November 12, 2014 in Deming, New Mexico.  The alleged tortfeasor, Charlene Ramos, struck Plaintiff's vehicle on the rear bumper.  Ms. Ramos had automobile liability coverage with Farm Bureau Insurance Company ("Farm Bureau") in the amount of $25,000.  Plaintiff alleges she experienced personal injuries from the accident extending beyond the limits of Ms. Ramos' Farm Bureau policy.  Thus, Plaintiff made a claim against her own auto insurer, State Farm, under a policy that provided bodily injury liability coverage in the amount of $100,000/$300,000 and uninsured/underinsured motorist coverage limits in the amount of $25,000/$50,000.  Plaintiff states that under the terms of the State Farm policy, State Farm is liable to pay Plaintiff's damages, because Plaintiff sustained bodily injuries as a result of Ms. Ramos' negligent driving.

Plaintiff states that she made a timely and reasonable underinsured motorist ("UIM") claim with State Farm, but State Farm has failed to honor the claim.

Ms. Martinez filed suit against State Farm.  In Count I of her Complaint, Plaintiff seeks to recover damages for Breach of Contract and Fiduciary Duties Under Contract.  Count I is principally based on Plaintiff's contention that State Farm breached its policy with Plaintiff in failing to honor Plaintiff's requests for UIM coverage at limits equal to the bodily injury liability coverages in the policy and in failing to pay claims under the policy.  *See* Compl. ¶ 18.  In Count II, Plaintiff alleges Breach of the Covenant of Good Faith and Fair Dealing.  The basis of this claim is that State Farm failed to act in good faith and deal honestly with Plaintiff in denying coverage to her under the policy.  *Id.* ¶¶ 20–21.  Count III alleges Violations of the New Mexico Unfair Claims and Trade Practices Act.  These claims are primarily based on allegations that State Farm mishandled Plaintiff's UIM claim, breached its duty in bad faith by failing to honor Plaintiff's requests for UIM coverage, and failed to pay the UIM claim under the policy.  *Id.* ¶¶ 27–29.

## LEGAL STANDARD

Fed. R. Civ. P. 42 states, in pertinent part:

> (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or issue . . . .

Fed. R. Civ. P. 42(b).  District courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused. *U.S. ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999)).  "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong*

*World Industries, Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims. *See Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Angelo*, 11 F.3d at 964.

The party seeking bifurcation bears the burden of proving that bifurcation is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F.Supp.2d 1233, 1250 (D. Kan. 2010). Bifurcation under Rule 42(b) is inappropriate where evidence to be presented against the parties is inextricably linked. *Certain Underwriters at Lloyd's, London, Subscribing to Policy No. 501/NB03ACMD v. Nance*, CIV-04-0937 JB/WDS, 2007 WL 1302569 (D.N.M. Apr. 23, 2007) (quoting *FDIC v. Refco Grp., Ltd.*,184 F.R.D. 623, 629 (D. Colo. 1999) (finding that bifurcation would have no effect on evidence offered at trial because claims and evidence were inextricably linked)).

## DISCUSSION

State Farm seeks to bifurcate and stay Plaintiff's extra-contractual bad faith claims for both discovery and trial purposes until after a jury determines the value of Plaintiff's UIM claim. State Farm contends Plaintiff's right to recover on her extra-contractual bad faith claims is predicated on the determination of value of her UIM benefits. State Farm urges the Court to consider bifurcation to reserve judicial and attorney resources, because if it is determined that there is no coverage under the policies, the remaining claims fail. *See Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004–NMSC–004, 135 N.M. 106, 85 P.3d 230.

First, State Farm argues that whether it acted in bad faith cannot be determined without first determining the value of Plaintiff's UIM claim.  State Farm argues that disagreeing with Plaintiff's evaluation of her UIM claim and negotiating with her to resolve the claim does not constitute bad faith.  To establish a claim for bad faith to settle in New Mexico, Plaintiff must prove that State Farm refused to pay or delayed in paying the claim for "reasons which are frivolous or unfounded." *See* UJI 13–1702 NMRA; *Sloan*, 2004–NMSC–004, ¶¶ 3, 18.  An insurer is not guilty of bad faith simply because the insured believes her claim is worth more than the insurer offers.  State Farm states it never denied Plaintiff's claim but rather the value of her UIM claim has not yet been determined.  As such, State Farm argues bifurcation is mandatory because resolution of the UIM claim is a condition precedent to Plaintiff bringing claims for bad faith.  State Farm maintains it has a right to first litigate the dispute over value before any extra-contractual claims are brought.  If a jury agrees with State Farm's evaluation of damages, then there cannot be any bad faith.

Second, State Farm argues bifurcation and stay of Plaintiff's bad faith claims would promote convenience and judicial efficiency.  Because a determination of value is a pre-requisite to any bad faith claim, bifurcation would best serve judicial efficiency by focusing this litigation on value first.  State Farm contends that Plaintiff is using unsupportable bad faith allegations in order to serve overbroad discovery to leverage State Farm by increasing the time, aggravation, and expense of discovery in this case.

Furthermore, State Farm contends bifurcation of Plaintiff's bad faith claims is also necessary to avoid prejudice. *See Mendenhall v. Vandeventer*, 1956–NMSC–064, ¶ 7, 61 N.M. 277, 299 P.2d 457 (bifurcation is appropriate when trying all issues in one trial would "create an atmosphere which will produce an unconscious influence upon the triers of fact as to … entirely

disconnected and distinct issue[s]"). If Plaintiff's contractual and bad faith claims were tried together, State Farm maintains, the jury would hear evidence regarding extra-contractual claims that could taint the jury's view of the value of the underlying case. *See Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1435-36 (10th Cir. 1993) (affirming district court's bifurcation of contract and bad faith claims to avoid potential prejudice to the insurer). Also, bifurcation would avoid the prejudice that would arise if State Farm had to respond to time consuming discovery regarding bad faith claims that would be irrelevant if Plaintiff's contractual claims fail.

Defendant relies upon *Hovet v. Allstate Ins. Co.*, 2004–NMSC–010, 135 N.M. 397, 89 P.3d 69, where the New Mexico Supreme Court held a third party claimant could sue an insurer for unfair claims practice for failure to settle under the Insurance Code. The court noted the potential confusion of allowing claims for unfair claims practices to proceed simultaneously with the underlying negligence action, and imposed certain preconditions on such a suit. The court held that a third-party claimant's bad faith claim "may only be filed *after* the conclusion of the underlying negligence litigation, and *after* there has been a judicial determination of fault in favor of the third party and against the insured." *Id.* ¶ 25 (emphasis in original).

In the Response, Plaintiff argues this is not a straightforward dispute with State Farm regarding a UIM claim, but is a suit that includes claims that State Farm failed to properly investigate Plaintiff's claim and refused to carry out its duties in a timely manner. Plaintiff agrees that the ultimate value of her claim is a legitimate dispute between the parties, but Plaintiff is not suing solely for State Farm's failure to accurately evaluate her UIM claim.

Plaintiff likens this case to *Willis v. Government Employees Insurance Company,* N.M. Dist. Ct. No. 13cv00280, Doc. 100 (06/17/15), where U.S. District Judge Kenneth J. Gonzales denied GEICO's motion to bifurcate and stay discovery. The defendant in *Willis* made the same

argument as State Farm does here by claiming a determination of actual damages was necessary before the plaintiff could proceed to her bad faith claims. *Id.* at 2–3. Judge Gonzales disagreed "that a determination of actual damages as such is necessary to show a bad faith claim based on GEICO's handling of Plaintiff's claim … An insurer in New Mexico can act in bad faith in its handling of a claim for reasons other than its refusal to pay a claim in full." *Id.* at 6 (quoting *O'Neel v. USAA Ins. Co.*, 2002–NMCA–028, ¶ 7, 131 N.M. 630; *Dellaira v. Farmers Ins. Exh.*, 2004–NMCA–132, ¶¶ 5, 14–16, 136 N.M. 552). Judge Gonzales found the plaintiff's bad faith claims were not contingent upon the contractual claims, thus bifurcation was not warranted. Plaintiff argues that here, as in *Willis*, her extra-contractual claims arise for reasons other than State Farm's refusal to pay the UIM claim, so bifurcation is not appropriate. The Court considers Judge Gonzales' opinion in *Willis* on bifurcation to be very persuasive.

In distinguishing *Hovet*, Plaintiff points out that the underlying negligence of Ms. Ramos (the underinsured motorist) is not at issue in this case and this is not a third-party bad faith lawsuit but instead deals with Plaintiff's claims against her own insurer.[1] Thus, there is no risk of simultaneous litigation on the issue of the tortfeasor's negligence. Also, unlike *Hovet*, this is a first-party claimant case so a jury will not need to grapple with a third-party claimant attempting to sue both the insured and the insurer in one lawsuit.

Plaintiff argues there is nothing out of the ordinary about the evidence in this case warranting bifurcation and a stay on discovery. She states there is no evidence of prejudice to State Farm and the interests of judicial economy are not well-served by bifurcation. She contends under Rule 42(b) bifurcation is inappropriate because the evidence is inextricably

---

[1] A first-party claimant is the insured under his or her own automobile insurance policy. A third-party claimant, on the other hand, is the victim of an automobile collision who sues the liability insurer of another. In *Hovet*, the plaintiff was a third-party claimant who was injured in a car accident and sued the drivers as well as the drivers' insurer. *See* 2004–NMSC–010, ¶ 2.

linked.  Specifically, Plaintiff has more than one claim against State Farm and the evidence on valuation and claims handling goes hand-in-hand with how State Farm handled the case in its entirety.  Plaintiff concludes that bifurcation here would lead to piecemeal discovery, duplicative litigation, multiple pleadings, and a drawn-out course of discovery.

The Court does not share Defendant's view that bifurcation would result in a more expeditious resolution of this case.  Bifurcation is not mandated simply because determination of the coverage issue would dispose of the remaining extra-contractual claims, particularly here where all the claims appear to be sufficiently linked to proceed through discovery and trial together.  Bifurcation under Rule 42(b) is inappropriate where evidence to be presented against the parties is inextricably linked.  *See FDIC v. Refco Grp., Ltd.*, 184 F.R.D. 623, 629 (D. Colo. 1999) (finding that bifurcation would have no effect on evidence offered at trial because claims and evidence were inextricably linked).  It seems that the same individuals associated with State Farm would need to be deposed for all of the claims asserted by Plaintiff, and that a substantial amount of the testimony from these individuals would be relevant for at least some of the elements on all of the claims.   Bifurcation would only require the parties to restart discovery in the event it was determined that coverage existed.  This would only prolong the course of this case and result in minimal savings of effort and expense for counsel.  Bifurcation would also mean that certain parties would have to appear at trial more than once, should the coverage aspect need to proceed to trial.

The Court further finds that determining the value of Plaintiff's UIM claim is not necessary before Plaintiff can establish bad faith based on the way State Farm handled her claim. *See O'Neel*, 2002–NMCA–028, ¶ 7 (insurer can act in bad faith during its handling of insured's claim for reasons other than a refusal to pay a claim in full).  For example, Count III of the

Complaint raises a claim under the New Mexico Unfair Trade Practices Act.  A claim under the Act is not contingent upon the value of Plaintiff's UIM claim.  A claim under the Act may be viable without a determination of value.  *See* NMSA 1978 § 57–12–2(D) ("unfair or deceptive trade practice" means . . . a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services . . .").

The Court agrees with Plaintiff that *Hovet* is readily distinguishable from the instant case because *Hovet* involved a third-party claimant whereas here, Plaintiff brings bad faith claims against her own insurer.  The holding in *Hovet* was limited to third-party bad faith claims.  The court reasoned, "a third-party claimant may not sue both the insured and the insurer in the same lawsuit.  Not only that, the third-party claimant will not even have an action … unless and until there has been a judicial determination of the insured's fault and the amount of damages awarded in the underlying negligence action."  *Hovet*, 2004–NMSC–010, ¶ 26 (emphasis added).

The contractual and bad faith claims are similar enough to permit discovery and trial of all the claims simultaneously.   A determination of the coverage issue is essentially contract construction.  *See Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995) ("A court interprets an insurance contract using traditional principles of contractual interpretation."). Presenting the coverage claim would entail presenting evidence regarding the formation of the contract, the parties' intent at the time of the contract, and the terms of the contract.  These are the exact considerations for the breach of contract and uninsured motorist benefits claims.  This evidence is also relevant to the unfair trade practices and bad faith claims.  Moreover, evidence regarding the coverage issue would have to be presented twice if this matter were to be bifurcated.

The Court concludes that a bifurcation and stay in this case would significantly delay litigation, and it would result in duplicative trials and repetitious evidence. Bifurcation would be expensive and inconvenient for the litigants.  There is little risk to State Farm of any prejudice, because the Court finds the jury would not be confused merely because it will consider evidence regarding the contractual and bad faith claims at the same time.  State Farm's Motion (**Doc. 17**) is therefore **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE